UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

LUCIENA S. GRANT-FLETCHER

    Plaintiff,

V.                                                   CIVIL ACTION NO

MCMULLEN & DRURY, P.A.

    Defendant.                                  FEBRUARY 17, 2012

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Columbia, MD.

4. Plaintiff is a consumer within the FDCPA.

5. At all times material hereto, Defendant McMullen & Drury, P.A. (Collection Law Firm) was a Maryland professional Association, doing business at 1504 E. Joppa Road, Towson, MD 21286.

6. Defendant is a collector within the MCDCA.

7. Defendant is a domestic professional association engaged in the business of collecting debts in the State of Maryland with a principal place of business located 1504 E. Joppa Road, Towson, MD 21286 The principal purpose of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt allegedly owed to Barnside Condominium Association, Inc.

**Factual Allegations**

9. For an extended period of time, Defendant acted as a collection attorneys for various condominium and homeowners associations in the State of Maryland, including but not limited necessarily to Barnside Condominium Association, Inc. ("Association").

10. In the course of representation of the various condominium and homeowners associations, Defendant regularly collected or attempted to collect monies from consumers for delinquent condominium and homeowner association fees and assessments ("Association Fees").

11. On or about May 6, 2011, Defendant sent or caused to be sent to Ms. Fletcher written correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies for Association Fees purportedly owed by Ms. Fletcher to the Association ("Initial Collection Communication").

12. A true and correct copy of the Initial Collection Communication is attached hereto and incorporated by reference as Exhibit "A."

13. Through the Initial Collection Communication, Defendants purported to provide a disclosure of the rights of consumers such as Ms. Fletcher to obtain debt validation under the FDCPA ("Validation Disclosure"). In Particular the Defendants stated, *inter alia*, as follows:

This is an attempt to collect a debt and any information obtained will be used for that purpose. **If you believe that the debt, or any portion thereof, as stated in the accompanying notice is erroneous or is otherwise not due as claimed, please promptly contacts our office.   You may contact our office at 410-337-8702**. In such event, we will obtain verification of the claimed debt from the Association or its managing agent, if any, and will mail a copy of such verification to you.  If you fail to so contact this office **within thirty (30) days** of receipt of this notice, the stated amount of the debt will be assumed valid.  If, however, you request proof of the debt **within thirty (30) days**, collection efforts will be suspended until the requested verification is mailed to you.  Furthermore, upon written request within thirty (30) days of receipt of the original notice of the debt, we will provide the name and address of the original creditor, if different from the current creditor.    (Emphasis by Plaintiff)

14. Through the Initial Collection Communication, Defendant's demanded payment from Ms. Fletcher "within thirty (30) days, **from the date of this letter**…" (Emphasis by Plaintiff)

15. Defendant through the Initial Collection Communication attempted to collect the sum of Three Hundred Dollars ($300.00 as and for "attorney's fees" ("Attorney Fee Claim")

16. By information and belief, for an extended period of time prior to the filing of this instant action, Defendant's have maintained a practice and pattern of transmitting or causing to be transmitted dunning letters in the form of the Initial Collection Communication to consumers such as Ms. Fletcher for various homeowners and condominium associations in the State of Maryland which demanded that the consumer pay attorney's fees in the amount of the Attorney Fee Claim.

17. By information and belief, the Attorney Fee Claim does not represent the reasonable or actual time spent by the Defendant's in the preparation and transmission of the Initial Collection Communication and other documents pertaining to the consumer debt.  Rather, the Defendant's mass produced dunning letters such as the Initial Collection Communication in such a manner as Defendant's were able to collect monies for "attorney's fees" which are not in fact

incurred and which were not owed by Ms. Fletcher and based on information and belief, hundreds of Maryland Consumers.

18. By information and belief, the Attorney Fee Claim represents a demand for attorney's fees which is unfair, excessive, Unconscionable and contrary to the requirements established by the Maryland Lawyers' Rules of Professional Conduct.

**Defendant's Practices**

19. It is or was the policy and practice of Defendant's to send collection letters in the form of Exhibit "A" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers with respect to the validation of consumer debts under 15 U.S.C. §1692g.

20. It is or was the policy and practice of Defendant's to send collection letters in the form of Exhibit "A" to consumers wherein Defendants charged or attempted to charge for attorneys fees for which the Defendant's were not entitled to recover from consumers such as Ms. Fletcher.

**Allegations of Law**

21. At all times material hereto, Ms. Fletcher was a "consumer" as said term is defined under §1692a (3).

22. At all times material hereto, Barnside Condominium Association , Inc. and they various other homeowners and condominium associations represented by Defendant's were "creditors" as said term is defined under §1692a (4).

23. At all times material hereto, the Association Fees purportedly owed to Barnside Condominium Association , Inc. and the various other homeowners and condominium associations represented by Defendant's were a "debt" as said term is defined under §1692a (5).

24. At all times material hereto, Defendant's were "debt collectors" as said term is defined under §1692a (6).

25. 15 U.S.C. §1692g(a) provides, in pertinent part, the following

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26. As more particularly described below, through the Initial Collection Communication, Defendant violated the FDCPA by failing to properly inform the

consumer as to the consumer's rights for debt verification in a manner which was not reasonable calculated to confuse or frustrated the least sophisticated consumer in violation of 15 U.S.C. § 1692g.

**1. Overshadowing Violation**

27.  15. U.S.C. § 1692g affords consumer "thirty days from the receipt" of the so called validation notice represented by the Initial Collection Communication to dispute the debt, to request verification and to obtain the name and address of the original creditor, if applicable. Despite the foregoing, Defendant through the Initial Collection Communication demanded payment for Ms. Fletcher "within thirty (30) days from the date of this letter" See Exhibit "A" (dated May 6, 2011).

**Improper Telephone call Dispute Requirement**

28.  Through the Initial Collection Communication, Defendant's stated "If you believe that the debt, or any portion thereof, as stated in the accompanying notice is erroneous or is otherwise not due as claimed, please promptly contacts our office.   You may contact our office at 410-337-8702. "

29.  The requirement by Defendant that disputes by consumers such as Ms. Fletcher be required to call the Defendant via telephone call, violates the Notice of Debts Clause §1692g(a)(3).   MD District Court has held that the consumer debts

dispute must be in writing and must be made within 30 days after receipt if the Notice.

**Failure to Disclose Proper Validation Period**

30. The confusion created by Defendant's with respect to the disclosure of the rights of debt verification under the FDCPA is compounded by the failure of Defendant's to properly inform consumers such as Ms. Flecher of the proper time period time for requesting validation of debts represented by the Association Fees. In particular, 15 U.S.C. §1692g(a)(3), (4) and (5), state that the validation period continues through "thirty days after receipt of the notice."  In contrast to the requirements of 15 U.S.C. §1692g (a)(3), (4) and (5), that the validation period commences upon receipt of the notice by the consumer, Defendant's provide that the validation period terminates "within thirty days."

**Failure to Disclose Right to Dispute Part of Debt.**

31. As detailed above, 15 U.S.C §1692g(3) and (4) allow a consumer to dispute debt and "any portion thereof."

32. Despite the clear statutory language of the FDCPA, Defendant's do not disclose that Ms. Fletcher or the other members of the class have the right to dispute a portion of the claimed debt represented by the Association Fees.

**Unlawful Attorney Fee Claim**

34. With Respect to the attempt by Defendant to collect the Attorney Fee Claim, as more particularly described above, the conduct of the Defendant's violated the FDCPA, including but not limited to:

a. the use of false representation, deceptive or misleading representation or means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e, e(2) and e(10);

b. the use of unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

35. As a result of Defendant's conduct, Plaintiff and the class are entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

36. Plaintiff and the class are entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. §1692k.

**McMullen & Drury, PA are not properly licensed as a collection agency in the State of Maryland Claim**

37. Based on information and belief Defendant failed to obtain the proper license Pursuant to the MD Collection Agency Act 7-102 (b)(9), a lawyer is exempt from licensure <u>unless the lawyer has an employee who:</u>   (i) is not a lawyer; and (ii) is engaged primarily to solicit debts for collection or primarily makes contact

with a debtor to collect or adjust a debt through a procedure identified with the operation of a collection agency.

38. Plaintiff spoke to a collection agent who identified herself as "Nicole."

39. Based on information and belief Nicole is not a licensed MD attorney and is engaged primarily to solicit debts for collection or primarily makes contact with a debtor to collect or adjust a debt through a procedure identified with the operation of a collection agency.

40.  As more particularly described above, the conduct of the Defendant's violated the FDCPA, including but not limited to:

a.  the use of false representation, deceptive or misleading representation or means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e and f.

41.  As a result of Defendant's conduct, Plaintiff and the class are entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

42. Plaintiff and the class are entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. §1692k.

**WHEREFORE** Plaintiff, Luciena S. Fletcher, an individual, request judgment be entered in her favor and against Defendant, McMullen & Drury, a Maryland Professional Association for:

1. Award Plaintiff Actual and Statutory damages pursuant to the FDCPA;

2. Award Plaintiff Actual Damages pursuant to MDCDCA;.

3. Award the Plaintiff costs of suit and a reasonable attorney's fee pursuant to §1692k; and

4. Award such other and further relief as this Court may see fit.

## DEMAND FOR JURY TRIAL

Plaintiff, Luciena S. Fletcher, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

                THE PLAINTIFF

                BY/S/Bernard T. Kennedy
                Bernard T. Kennedy, Esquire
                The Kennedy Law Firm
                P.O. Box 657
                Edgewater, MD 21037
                Ph   (443) 607-8901
                Fax (443) 607-8903
                Fed. Bar # Md26843
                bernardtkennedy@yahoo.com